IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY MICHAEL BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-22-CFC-EGT |
| | ) | |
| SANTANDER CONSUMER USA INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Anthony Michael Banks filed this action on January 9, 2026.  (D.I. 2).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 4).  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, the Court recommends that the Complaint be DISMISSED WITHOUT PREJUDICE.

## I.    BACKGROUND

According to the Complaint, in or around February 2023, Plaintiff and Defendant Santander Consumer USA Inc. entered into an "automobile retail installment" contract that did not provide "clear and accurate disclosures" about the contract's finance charges, total number of payments and how payments would be applied.  (D.I. 2 at Page 9 of 10).  Plaintiff alleges this was all in violation of the Truth in Lending Act and accuses Defendant of extending credit to Plaintiff without regard to Plaintiff's ability to pay.  (*Id.*).  Plaintiff also accuses Defendant of inaccurately reporting balances on the account (in violation of the Fair Credit Reporting Act) and failing to reasonably investigate Plaintiff's disputes regarding those balances (in violation of the Fair Debt Collection Practices Act).  (*Id.*).  Plaintiff claims that the foregoing has damaged his credit profile and caused him emotional distress, and he seeks money damages and "correction and deletion of inaccurate credit reporting."  (*Id.* at Pages 8-9 of 10).

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

2

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief.  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    **DISCUSSION**

Plaintiff asserts claims under the Truth in Lending Act, Fair Credit Reporting Act, Fair Debt Collection Practices Act and the Delaware Consumer Fraud Act.  (D.I. 2 at Page 10 of 10).  The Court addresses – and recommends dismissal of – each claim in turn.

Starting with the Truth in Lending Act claim, Plaintiff alleges that he was provided an installment contract for an automobile (*i.e.*, "closed-end credit") and that Defendant failed to provide "clear and adequate disclosures" concerning the terms of that contract, including the financing charges and cost.  (D.I. 2 at Page 9 of 10; D.I. 2-1 at Page 3 of 4).  According to Plaintiff, the contract-at-issue was formed in February 2023.  (D.I. 2 at Page 9 of 10).  But the statute of limitations for most Truth in Lending Act claims – including those based on retail installment contracts like the one here – is one year.  *See* 15 U.S.C. § 1640(e); *see also Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1296-97 (3d Cir. 1978) (applying the one-year limitations period to a land-sale installment contract at the time of the sale).  And Plaintiff did not file this action until January 2026, almost three years after the complained-of violation.  (*See* D.I. 2).  Because it is clear from the face of the Complaint that the statute of limitations has run,

the Court recommends the Truth in Lending Act claim be dismissed.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Second, Plaintiff asserts a Fair Credit Reporting Act claim because (1) Defendant allegedly reported the automobile debt as "charged-off with inconsistent balances and dates, despite ongoing disputes" by Plaintiff and because (2) Defendant "failed to conduct a reasonable investigation after Plaintiff disputed the accuracy" of the information on his credit report.  (D.I. 2 at Page 9 of 10). Before a furnisher of credit information (Defendant) can be sued by a private consumer (Plaintiff) for failing to reasonably investigate the accuracy of the credit information, the furnisher must first receive notice of a dispute from a credit reporting agency.  *See Eades v. Wetzel*, 841 F. App'x 489, 490-91 (3d Cir. 2021).  Only the government can sue furnishers who have not otherwise received proper notice that the information is inaccurate.  *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358-59 (3d Cir. 2011); *see also* 15 U.S.C. § 1681s-2(c)(1)-(2) & (d); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002).  Here, Plaintiff never alleges that he followed the proper dispute procedure with any credit reporting agency or that Defendant received a dispute notice from a credit reporting agency.  As such, Plaintiff's Fair Credit Reporting Act claim should be dismissed.  *See Eades*, 841 F. App'x at 491.

Next, Plaintiff seeks to assert a claim under the Fair Debt Collection Practices Act, which only imposes liability on "debt collectors."  (D.I. 2 at Page 10 of 10); *see also* 15 U.S.C. § 1692k(a). Nowhere in the Complaint does Plaintiff allege that Defendant is a debt collector within the meaning of the statute or that Defendant engaged in any debt collection activity – improper or otherwise.  *See* 15 U.S.C. § 1692a(6); *see also Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).  The Court thus recommends that Plaintiff's claim under the Fair Debt Collection Practices Act be dismissed.

4

Lastly, Plaintiff asserts a claim under the Delaware Consumer Fraud Act. *See* 6 *Del. C.* §§ 2513 & 2525. As to liability under this statute, Plaintiff alleges that Defendant (1) failed to provide "clear and accurate disclosures" regarding the financing arrangement, (2) "extended credit without reasonable consideration of Plaintiff's ability to repay, constituting predatory and unfair lending practices," (3) reported "inconsistent balances and dates, despite ongoing disputes, in violation of the Fair Credit Reporting Act" and (4) "failed to conduct a reasonable investigation after Plaintiff disputed" the accuracy of the information reported. (D.I. 2 at Page 9 of 10). To the extent Plaintiff's claim under the Delaware Consumer Fraud Act is based on Defendant's credit reporting activities, the claim is preempted by the Fair Credit Reporting Act and should be dismissed. *See* 15 U.S.C. § 1681t(b)(1)(F).

It appears (though is unclear) that Plaintiff is separately alleging that Defendant engaged in deceptive or unfair practices prior to extending credit to Plaintiff. Such claims are seemingly not preempted by the Truth in Lending Act. *See* 15 U.S.C. § 1610(a)(1) (preempting state law only "to extent that those laws are inconsistent"). That being said, Plaintiff's Delaware Consumer Fraud Act claim should still be dismissed for failing to meet the pleading standard of Federal Rule of Civil Procedure 9(b). *See Homsey v. Vigilant Ins. Co.*, 496 F. Supp. 2d 433, 438-40 (D. Del. 2007) (applying Rule 9(b)'s particularity requirement to Delaware Consumer Fraud Act claims). Rule 9(b) requires a plaintiff to "inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). The allegations here, however, do not provide any specifics at all on how the disclosures were inaccurate; Plaintiff merely alleges that "Defendant failed to provide clear and accurate disclosures." (D.I. 2 at Page 9 of 10). That does not satisfy Rule 9(b). *See Frederico*, 507 F.3d at 200 (finding that allegations such as "generic references to Home Depot's 'excessive "late" rental fees,'" and "fail[ed] to

disclose lack of after-hours rental return facilities or procedures" did not satisfy Rule 9(b)). Accordingly, the Delaware Consumer Fraud Act claim should be dismissed.

*    *    *

The Court is unable to conclude at this point that amendment would be futile for all of Plaintiff's claims. The Court thus recommends that the Complaint be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii). In any amended pleading, Plaintiff should clearly indicate the facts surrounding his efforts to dispute the debt and any efforts by Defendant to collect that debt.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that the Complaint (D.I. 2) be DISMISSED WITHOUT PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a); *see also* FED. R. CIV. P. 6(d). Objections are limited to five (5) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  August 3, 2026

                                      UNITED STATES MAGISTRATE JUDGE